IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

LARRY D. GRAPES, )
)
      Plaintiff, )
)
v. ) Case No. CIV-09-890-F
)
MICHAEL J. ASTRUE, )
COMMISSIONER OF THE SOCIAL )
SECURITY ADMINISTRATION, )
)
      Defendant. )

## REPORT AND RECOMMENDATION

The Social Security Administration ("SSA") denied disability benefits,[1] and Mr. Grapes seeks judicial review based on error in the findings regarding his mental and physical impairments. The Court should reverse and remand for further proceedings.

I.     STANDARD OF REVIEW

The Court must determine whether the SSA's decision is based on substantial evidence and the correct legal standard. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). Reversal is required if the agency has failed "'to provide this court with a sufficient basis to determine that appropriate legal principles have been followed.'" *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (*per curiam*; citations omitted).

---

[1]     Administrative Record at pp. 1-3, 14-22, 43-44 (certified Sept. 29, 2009) ("Rec.").

## II. MENTAL IMPAIRMENTS

The administrative process involved five sequential steps for the determination of a disability. *See* 20 C.F.R. § 404.1520(a)(4) (2008). The issues involving mental impairments are based on steps two and four of this process.

At step two, the administrative law judge found that the Plaintiff's depression and anxiety were not "severe" impairments. Rec. at pp. 16-17. At step four, the judge did not incorporate any mental limitations in his assessment of residual functional capacity ("RFC"). *Id.* at p. 18. For the mental impairments, the judge erroneously failed to:

- utilize a specialized regulatory technique and
- properly consider medical opinions.

### A. The Failure to Assess the Impairments with the Regulatory Technique

When evidence of a mental impairment exists, the administrative law judge must evaluate and document the limitations. *See Carpenter v. Astrue*, 537 F.3d 1264, 1268 (10th Cir. 2008). The judge's initial duty was to determine the existence of a mental impairment by evaluating the claimant's symptoms, signs, and laboratory findings. *See* 20 C.F.R. § 404.1520a (2008). This procedure requires the judge to "'rate the degree of [the claimant's] functional limitation based on the extent to which [the claimant's mental] impairment(s) interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis.'" *Carpenter v. Astrue*, 537 F.3d 1264, 1268 (10th Cir. 2008) (citing 20 C.F.R. § 404.1520a(c)(2)). In rating the claimant's

functional limitations, the judge must assess the severity of the mental limitations in four areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) deterioration or decompensation in work or work-like settings. 20 C.F.R. § 404.1520a(c)(3) (2008). In the decision, the administrative law judge also had to document his finding regarding the degree of limitation in each functional area. *See* 20 C.F.R. § 404.1520a(e)(2) (2008). As alleged by Mr. Grapes, the administrative law judge failed to comply with these procedural requirements.

The administrative law judge acknowledged discussion of Mr. Grapes' depression and anxiety in the medical reports. Rec. at p. 16. For example, Mr. Grapes obtained mental health treatment at the Veterans' Administration Medical Center for approximately two months in 2005. *See id.* at pp. 252-55. There, the Plaintiff complained of anxiety and depression, which had resulted in irritability, fatigue, an inability to get along with coworkers, crying, poor appetite, and poor sleep. *See id.* In treating Mr. Grapes for these complaints, Dr. Nilam Patel diagnosed depression, anxiety, and anger problems. *Id.* at p. 252. A Global Assessment of Functioning ("GAF") Score of 50 was also noted. *Id.* at p. 253; *see infra* p. 10.[2]

---

[2] The Defendant points out that this mental health treatment had preceded the alleged onset date. Brief in Support of Commissioner's Decision at pp. 11-12 (Feb. 5, 2010). But the Tenth Circuit Court of Appeals squarely held in *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004), that evidence of limitations does not lose its relevance when it precedes the alleged onset date.

The Defendant attempts to confine *Hamlin v. Barnhart* to its facts, which purportedly involved deterioration in the claimant's condition during the relevant time-period. Brief in Support of Commissioner's Decision at p. 12 (Feb. 5, 2010).

Based on this evidence, the judge had a duty to evaluate and document the severity of the mental limitations in the four functional domains. *See supra* pp. 2-3. This regulatory technique is used to rate the severity of the mental impairments at steps two and three. *See* 20 C.F.R. § 404.1520a (2008). At step two, the administrative law judge concluded that the depression and anxiety were not severe and had "not significantly limited [Mr. Grapes']

---

      There is nothing in the decision to support such a narrow reading of *Hamlin v. Barnhart*. There the relevant time-period had begun on November 6, 1990. *See Hamlin v. Barnhart*, 365 F.3d 1208, 1213 (10th Cir. 2004). Nonetheless, in February 1990, one doctor noted that the claimant's problems had become worse since 1985. *See id*. at 1216. The doctor also stated in 1987 and 1990 that the claimant was totally disabled due to his physical problems. *See id*. And in 1997, the physician assessed the plaintiff's physical abilities for the period 1987 to 1990. *See id*. at 1216-17. In the decision, the administrative law judge referred only to the doctor's single statement in November 1990 that the claimant had been disabled since 1985. *See id*. The *Hamlin* court regarded all of the evidence predating November 1990 as relevant. *Id*. at 1215. For example, the court noted that the administrative law judge had erred by failing to consider the retrospective assessment covering the period 1987 to 1990. *Id*. at 1217.

      The Defendant seizes on the court's reference to one opinion that had acknowledged deterioration in the claimant's condition over a five-year period. *See supra* note 2. But there is nothing in the opinion to suggest that the pre-1990 evidence was relevant only because some of it had referred to worsening of the claimant's condition. Indeed, the court broadly stated its holding: "[E]ven if a doctor's medical observations regarding a claimant's allegations of disability date from earlier, previously adjudicated periods, the doctor's observations are nevertheless relevant to the claimant's medical history and should be considered by the [administrative law judge]." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004). And the Tenth Circuit Court of Appeals has broadly interpreted *Hamlin v. Barnhart* for the proposition that medical reports may be relevant even when they precede the operative onset date. *Lackey v. Barnhart*, 127 Fed. Appx. 455, 458 (10th Cir. Apr. 5, 2005) (unpublished op.) (stating that Tenth Circuit precedent in *Hamlin v. Barnhart* provides that medical reports preceding the operative onset date are not categorically irrelevant); *Ledford v. Barnhart*, 197 Fed. Appx. 808, 810 n.1 (10th Cir. Oct. 19, 2006) (unpublished op.) ("Although [the claimant] is precluded from claiming benefits prior to November 30, 2000, evidence from the previously adjudicated period is still relevant." (citing *Hamlin v. Barnhart*, 365 F.3d 1208 (10th Cir. 2004))).

ability to work." Rec. at p. 17. But the judge failed to assess the mental impairments with the specialized regulatory technique. *See id.* at pp. 16-17. The omission constituted error.[3]

The Commissioner attempts to salvage the omission, arguing that the administrative law judge had adopted the agency doctors' assessments and that any error would have been harmless. Both arguments are invalid.

First, the Defendant states: "Plaintiff concedes that the [administrative law judge] adopted findings of the State agency reviewing physicians" who had followed the regulatory technique. Brief in Support of Commissioner's Decision at p. 5 (Feb. 5, 2010). The argument assumes that the administrative law judge had adopted the findings of state agency physicians regarding the degree of limitation in each functional area. There is nothing in the judge's written decision to support this assumption. The judge did note that the state agency physicians had not found evidence of a severe mental health impairment. Rec. at p. 17. But the judge did not say:

- whether the agency physicians had assessed the degree of limitation in each functional area,

- if so, what the findings had been, and

- whether the judge had agreed with the physicians' conclusions.

*See id.* The absence of discussion prevents the Court from determining whether the administrative law judge had adopted the agency physicians' opinions regarding the degree

---

[3] *See, e.g., Grotendorst v. Astrue*, 2010 WL 1049791, Westlaw op. at 3-4 (10th Cir. Mar. 22, 2010) (unpublished op.) (holding that the failure to rate mental limitations under 20 C.F.R. § 404.1520a constituted error).

5

of limitation in the four functional areas. As a result, the Court should reject the Defendant's argument.

Second, the Defendant contends that any error at step two would have been harmless because the judge continued his analysis through step five. The argument ignores the potential impact of the omission at steps three, four, and five.

At step three, the Plaintiff's possible limitations could have led the administrative law judge to find marked limitations in:

- conducting activities of daily living;
- maintaining social functioning; or
- maintaining concentration, persistence, or pace.

*See* 20 C.F.R. pt. 404, subpt. P, App. 1 § 12.04(B)(1)-(3), 12.06(B)(1)-(3) (2008).

For example, in applying for benefits, the Plaintiff stated that he:

- had to be reminded to go places when his anxiety and pain were extreme,[4]
- sometimes forgot what he had been told,[5]
- was unable to remember or stay focused or concentrate,[6]
- suffered from panic attacks,[7]

---

[4] Rec. at p. 160.

[5] Rec. at p. 161.

[6] Rec. at pp. 163, 168.

[7] Rec. at p. 163.

6

- had memory problems due to anxiety,[8] and

- suffered from mood swings and depression.[9]

And mental health treatment notes reflected comments by Mr. Grapes that he preferred to stay alone, did not like people, and could not get along with coworkers. Rec. at p. 252.

The administrative law judge did not state how he had assessed the Plaintiff's complaints. If the judge regarded these statements as credible evidence of marked limitations in at least two of the functional areas, he might have concluded that the Plaintiff had met or equaled the requirements of either Listing 12.04 (Affective Disorders) or 12.06 (Anxiety Related Disorders). *See supra* p. 6.

The failure to rate the four functional areas could also have affected the findings at step four or five even if the psychological limitations had not been considered "marked" or "severe."[10]

---

[8] Rec. at p. 122.

[9] Rec. at p. 150.

[10] The SSA has explained:

> In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not "severe." While a "not severe" impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may – when considered with limitations or restrictions due to other impairments – be critical to the outcome of a claim. For example, in combination with limitations imposed by an individual's other impairments, the limitations due to such a "not severe" impairment may prevent an individual from performing past relevant work or may narrow the range of other work that the individual may still be able to do.

Social Security Ruling 96-8p, *Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims*, 1996 WL 374184, Westlaw op. at 5 (July 2, 1996).

The Tenth Circuit Court of Appeals recently addressed a similar issue in *Grotendorst v. Astrue*, 2010 WL 1049791 (10th Cir. Mar. 22, 2010) (unpublished op.). There the administrative law judge failed to assess the plaintiff's mental impairments with the specialized regulatory technique. *See Grotendorst v. Astrue*, 2010 WL 1049791, Westlaw op. at 4 (10th Cir. Mar. 22, 2010) (unpublished op.). The court considered the omission erroneous, but recognized that "an error at step two of the sequential evaluation concerning one impairment [was] usually harmless when the [administrative law judge], as occurred here, [found] another impairment [was] severe and proceed[ed] to the remaining steps of the evaluation." *Id.* (citing *Carpenter v. Astrue*, 537 F.3d 1264 (10th Cir. 2008)). Nevertheless, the court found that the error could not be discounted as "harmless" merely because of the judge's progression past step two. *Id.* at 4-5. Instead the analysis was impacted by the fact that the judge had not included any mental limitations in the RFC. *Id.* The court stated:

> Nevertheless, despite record evidence of limitations due to mental impairments, the [administrative law judge] failed to either include those limitations in her RFC determination and her hypothetical questions, or explain that failure. . . . Instead, once the [administrative law judge] decided, without properly applying the special technique, that Ms. Grotendorst's mental impairments were not severe, she gave those impairments no further consideration. This was reversible error. We must therefore remand this matter so that the [administrative law judge] may properly apply the special technique to determine Ms. Grotendorst's medically determinable mental impairments, their severity, and any functional limitations they cause.

*Id.* at 5.

*Grotendorst v. Astrue* is persuasive based on the similarity in facts. As in *Grotendorst*, the administrative law judge failed to assess the specific mental limitations and to discuss the potential impact on the RFC. There the error could not be considered harmless

8

because the omission at step two could have affected the findings at step three, four, or five. The same is true here, and the judge's failure to conduct the assessment called for in the regulations constitutes reversible error.

    B.    <u>Failure to Properly Consider Opinions Concerning the Mental Impairments</u>

While receiving mental health treatment at the Veterans' Administration Medical Center, Mr. Grapes:

- complained of anxiety and depression, which had resulted in irritability, fatigue, an inability to get along with coworkers, crying, poor appetite, and poor sleep,

- was diagnosed with depression, anxiety, and anger problems,

- was prescribed Celexa and Trazodone, and

- received a GAF score of 50.

Rec. at pp. 252-55.

The Plaintiff points out that the administrative law judge did not discuss any of this evidence. Nonetheless, the Defendant:

- challenges the Plaintiff's statement regarding who had authored the opinions,

- contends that the alleged author did not qualify as a "treating" source,

- states that the opinions were not true medical opinions, and

- argues that the mental impairments did not prevent Mr. Grapes from performing substantial gainful activity at the time that he was receiving mental health treatment.

These arguments lack merit.

First, the Plaintiff alleges a "fail[ure] to discuss the records from the psychiatrist Dr. Masters who had diagnosed Grapes with depression, anxiety, and anger problems." Grapes's Opening Brief Regarding Social Security Appeal at p. 12 (Dec. 14, 2009). The Defendant contends that:

- Dr. Masters did not write the opinions or qualify as a "treating source" and
- her opinions were not "medical opinions."

These arguments are not persuasive because the conclusions involved "medical opinions" regardless of whether Dr. Masters had conducted the examination or written the progress notes.

The record does suggest that Dr. Masters had not actually examined the Plaintiff. Instead, the doctor was apparently a supervisor who had approved the treatment notes. *See* Rec. at pp. 253-55. The actual examination and treatment had been conducted by Dr. Nilam Patel and a medical student, Terry Coffey. *See id.*

Dr. Patel diagnosed the Plaintiff with problems involving depression, anxiety, and anger, prescribing Celexa and Trazodone and noting a GAF score of 50. *Id.* at pp. 252-53; *see supra* p. 3. Ms. Coffey conducted the initial consultation and reported complaints of irritability, being upset, crying, poor sleep, anxiety, and depression. Rec. at pp. 254-55. Even though Dr. Masters may have not authored the opinions, the judge still had a duty to consider them.

The SSA bears an obligation to evaluate every "medical opinion." *See* 20 C.F.R. § 404.1527(d) (2008) ("Regardless of its source, we will evaluate every medical opinion we

receive."). "Medical opinions" are "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2) (2008).

The evidence authored by Dr. Patel qualifies as a "medical opinion," as it reflected statements by a physician about the nature and severity of impairments. Thus, the administrative law judge had a duty to consider the documents even though they had not been written by Dr. Masters.

Indeed, even if Dr. Patel had not qualified as a "treating source," he would obviously have qualified as an "examining" doctor. Thus, regardless of one's characterization of Dr. Patel as a treating or examining doctor, the administrative law judge would have had to provide specific, legitimate reasons for rejecting the opinions.[11]

Arguably, the evidence from Ms. Coffey might not qualify as a "medical opinion" because she would not be considered an "acceptable medical source." *See* 20 C.F.R. §§ 404.1502, 404.1513(a) (2008). Accordingly, her opinions could not be used to establish the existence of a medically determinable impairment at step two.[12] However, the information

---

[11] *See Doyal v. Barnhart*, 331 F.3d 758, 764 (10th Cir. 2003) (citation omitted) (stating that the administrative law judge had a duty "to provide specific, legitimate reasons for rejecting" a medical opinion even though the doctor had not been a "treating physician").

[12] *See* Social Security Ruling 06-03p, *Titles II and XVI:II and XVI: Considering Opinions and Other Evidence from Sources Who Are Not "Acceptable Medical Sources" in Disability Claims; Considering Decisions on Disability by Other Governmental and Nongovernmental Agencies*, 2006 WL 2329939, Westlaw op. at 2 (Aug. 9, 2006).

11

could have been used to show the severity of Mr. Grapes' impairments and how his ability to work might have been affected.[13] In light of this possibility, the administrative law judge should have explained the impact of Ms. Coffey's conclusions. The SSA has stated:

> Although there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision, the adjudicator generally should explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.[14]

The evidence from Dr. Patel constituted "medical opinions" from "an acceptable medical source." The evidence from Ms. Coffey might not have qualified as a medical opinion, but it should have still been considered in combination with the evidence from Dr. Patel to determine the severity of the mental impairments. The decision reflects no consideration of any of the opinion evidence offered by either Dr. Patel or Ms. Coffey,[15] and the omission requires reversal and remand.

---

[13] *See* Social Security Ruling 06-03p, *Titles II and XVI:II and XVI: Considering Opinions and Other Evidence from Sources Who Are Not "Acceptable Medical Sources" in Disability Claims; Considering Decisions on Disability by Other Governmental and Nongovernmental Agencies*, 2006 WL 2329939, Westlaw op. at 2 (Aug. 9, 2006).

[14] Social Security Ruling 06-03p, *Titles II and XVI:II and XVI: Considering Opinions and Other Evidence from Sources Who Are Not "Acceptable Medical Sources" in Disability Claims; Considering Decisions on Disability by Other Governmental and Nongovernmental Agencies*, 2006 WL 2329939, Westlaw op. at 6 (Aug. 9, 2006).

[15] *See* Rec. at pp. 14-22.

The Defendant also argues that any mental impairments did not prevent Mr. Grapes' performance of substantial gainful activity during his period of treatment. But the administrative law judge did not state that he was rejecting the opinion evidence on this basis. As a result, the Court cannot use the Defendant's new argument as a basis to salvage the omission in the agency's written decision.[16]

The judge failed to explain the weight given to the opinions expressed by Dr. Patel and Ms. Coffey. As a result, the Court must reverse and remand for consideration of the evidence.

## III.    LIFTING RESTRICTION

Dr. Trung Nguyen treated the Plaintiff for back pain between April and July 2008. *See* Rec. at pp. 691-98, 724. During that time, Dr. Nguyen:

- diagnosed the Plaintiff with chronic low back pain, bilateral sacroiliitis, and possible facet arthralgia, and

- treated the pain with steroid injections.

*Id.* at pp. 691-96, 698. In July 2008, Dr. Nguyen opined that the Plaintiff should be on "light duty," which involved no lifting. *Id.* at p. 724. The administrative law judge acknowledged the opinion, but rejected it on grounds that:

- the physician had not supplemented his opinion with additional medical facts or laboratory findings and

- another physician had merely restricted the Plaintiff's lifting to 30 pounds.

---

[16]    *See Haga v. Astrue*, 482 F.3d 1205, 1207-1208 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the [administrative law judge's] decision that are not apparent from the [judge's] decision itself." (citations omitted)).

13

*Id.* at p. 17.

The Plaintiff argues that the proffered reasons were not legitimate. He is correct.

As the Defendant says, the judge did reject Dr. Nguyen's opinion on grounds that it had not been based on objective evidence. *Id.* But the Court cannot reconcile this conclusion with the record as a whole because Dr. Nguyen's treatment notes documented:

- a physical examination, which revealed a stiff gait, increased back pain on extension, tenderness in the lumbar spine, and bilateral PSIS and piriformus muscles,

- a lumbar spine x-ray, which showed herniation at L4-5 and facet hypertrophy causing mild spinal and foraminal stenosis, and

- steroid injections, which had been used to treat Mr. Grapes' back pain.

*Id.* at pp. 691-98.

The administrative law judge also cited another physician's opinion which had merely restricted the Plaintiff's lifting to 30 pounds. *See id.* at p. 17. However, that limitation was based on an evaluation of Mr. Grapes' shoulder and Dr. Nguyen's limitation was based on an assessment of the Plaintiff's back. *Compare id.* at pp. 256-58, *with id.* at pp. 691-98, 724.

The Defendant offers four reasons to excuse the judge's rejection of Dr. Nguyen's opinion:

- The opinion was consistent with the judge's RFC assessment,

- Dr. Nguyen did not qualify as a "treating source,"

- the medical evidence did not support a prohibition against any lifting, and

- Dr. Nguyen's opinion conflicted with Mr. Grapes' testimony.

The Court should reject the Defendant's arguments.

14

First, Mr. Astrue calls attention to Dr. Nguyen's restriction to "light duty." Brief in Support of Commissioner's Decision at p. 13 (Feb. 5, 2010); *see* Rec. at p. 724. According to the Defendant, Dr. Nguyen's restriction to "light duty" was consistent with the RFC assessment which limited the Plaintiff to "light" work. Brief in Support of Commissioner's Decision at p. 14 (Feb. 5, 2010); *compare* Rec. at p. 18, *with id.* at p. 724. Mr. Astrue is mistaken. According to the Social Security regulations, "light" work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b) (2008). This definition of "light" work was adopted in the RFC assessment,[17] but clearly conflicted with Dr. Nguyen's definition of "light duty" which involved no lifting. *See* Rec. at p. 724.

Second, even if Dr. Nguyen did not qualify as a "treating source," the administrative law judge still had a duty to consider the opinion and provide legitimate reasons if he chose to reject it. *See supra* pp. 10-11 (discussion of the administrative law judge's duty to discuss all medical opinions).

Third, the Commissioner contends "the medical evidence did not support a 'no lifting' limitation, because the January 2008 MRI to which the doctor referred, showed only a mild disk protrusion and mild spinal stenosis." Brief in Support of Commissioner's Decision at p. 15 (Feb. 5, 2010). The Court should reject this argument because it is based on a rationale that did not appear in the administrative law judge's written decision. *See supra* note 16.

---

[17] Rec. at p. 18.

Finally, the Defendant asserts that Dr. Nguyen's opinion about the inability to lift anything conflicts with the Plaintiff's testimony that he could lift 20 pounds. The Defendant's assertion is invalid because it misstates the evidence and involves a rationale not relied upon by the administrative law judge. The Plaintiff did not state that he could lift 20 pounds. At the hearing, Mr. Grapes testified that he tried "to stay under the 20 pound" in lifting. Rec. at p. 36. And in a questionnaire, the Plaintiff stated that he was "not able to lift over 10 lbs." *Id*. at p. 161. The Plaintiff never stated that he could lift 20 pounds, which would be necessary to qualify for "light" work based on the administrative law judge's definition. Indeed, the Defendant's argument rests on purported testimony by the Plaintiff which was not relied upon by the administrative law judge. Thus, even if the Defendant's representation about the testimony had been accurate, it could not salvage the omission in the written decision. *See supra* note 16.

The administrative law judge failed to provide legitimate reasons to reject Dr. Nguyen's opinion. *See supra* p. 11. As a result of the legal error, the Court should order reversal and remand.

## IV. RECOMMENDATION AND NOTICE OF THE RIGHT TO OBJECT

The Court should reverse the SSA's decision and remand for further proceedings to comply with the regulatory procedure for consideration of mental impairments, to discuss opinions by personnel at the Veterans' Administration Medical Center, and to discuss Dr. Nguyen's opinion about the inability to lift.

Any party may file written objections with the Clerk of the United States District Court. *See* 28 U.S.C. § 636(b)(1). The deadline for objections is May 13, 2010. *See* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 6(a)(3)(A), 6(d), 72(b)(2). The failure to file timely objections would result in waiver of the right to appeal the suggested ruling.[18]

V.   STATUS OF THE REFERRAL

The referral is discharged.

Entered this 26th day of April, 2010.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[18]   *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").